UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KARAN DIAZ, | ) |
| Plaintiff, | ) No. 16 C 11419 |
| v. | ) Magistrate Judge M. David Weisman |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security,[1] | ) |
| Defendant. | ) |

### MEMORANDUM OPINION AND ORDER

Karan Diaz brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the Social Security Administration Commissioner's decision denying her application for benefits. For the reasons set forth below, the Court reverses the Commissioner's decision.

### Background

Plaintiff applied for benefits on August 17, 2012, alleging a disability onset date of August 8, 2012. (R. 94.) Her application was initially denied on May 22, 2013, and again on reconsideration on December 5, 2013. (R. 107, 122.) Plaintiff requested a hearing, which was held by an Administrative Law Judge ("ALJ") on December 17, 2014 and July 28, 2015. (R. 54-93, 557-604.) On October 22, 2015, the ALJ issued a decision finding plaintiff not disabled. (R. 27-48.) The Appeals Council declined to review the decision (R. 1-4), leaving the ALJ's

---

[1] On January 23, 2017, Nancy A. Berryhill succeeded Carolyn W. Colvin as Acting Commissioner of Social Security. *See* https://www.ssa.gov/agency/commissioner.html (last visited Sept. 7, 2017). Accordingly, the Court substitutes Berryhill for Colvin pursuant to Federal Rule of Civil Procedure 25(d).

decision as the final decision of the Commissioner, reviewable by this Court pursuant to 42 U.S.C. § 405(g). *See Villano v. Astrue*, 556 F.3d 558, 561-62 (7th Cir. 2009).

**Discussion**

The Court reviews the ALJ's decision deferentially, affirming if it is supported by "substantial evidence in the record," *i.e.*, "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *White v. Sullivan*, 965 F.2d 133, 136 (7th Cir. 1992) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "Although this standard is generous, it is not entirely uncritical," and the case must be remanded if the "decision lacks evidentiary support." *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002).

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The regulations prescribe a five-part sequential test for determining whether a claimant is disabled. *See* 20 C.F.R. § 404.1520. The Commissioner must consider whether: (1) the claimant has performed any substantial gainful activity during the period for which she claims disability; (2) the claimant has a severe impairment or combination of impairments; (3) the claimant's impairment meets or equals any listed impairment; (4) the claimant retains the residual functional capacity to perform her past relevant work; and (5) the claimant is able to perform any other work existing in significant numbers in the national economy. *Id.*; *Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001). The claimant bears the burden of proof at steps one through four. 20 C.F.R. § 404.1560(c)(2); *Zurawski*, 245 F.3d at 886. If that burden is met, at step five, the

burden shifts to the Commissioner to establish that the claimant is capable of performing work existing in significant numbers in the national economy. 20 C.F.R. § 404.1560(c)(2).

At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since August 8, 2012, the alleged onset date. (R. 29.) At step two, the ALJ determined that plaintiff has the severe impairments of "rheumatoid arthritis (RA), fibromyalgia, obesity, glaucoma, depression, anxiety, bi-polar disorder, cyclothymia, panic disorder without agoraphobia, and post traumatic stress disorder (PTSD)." (*Id.*) At step three, the ALJ found that plaintiff does not have an impairment or combination of impairments that meet or medically equal the severity of one of the listed impairments. (R. 30.) At step four, the ALJ found that plaintiff cannot perform her past relevant work but has the residual functional capacity ("RFC") to perform light work with, among other exceptions, the "need for only simple routine work that stays the same day-to-day [and] involves no public contact," and "no work in coordination with others . . . subject to only occasional interaction with co-workers and supervisors." (R. 31, 46.) At step five, the ALJ determined that jobs exist in significant numbers in the national economy that plaintiff can perform, and thus she is not disabled. (R. 46-47.)

Plaintiff contends that the ALJ's RFC determination is erroneous because it does not account for her "moderate difficulties" in maintaining concentration, persistence or pace. (R. 31.) Presumably, the ALJ meant to address this issue by limiting plaintiff to "simple routine work that stays the same day-to-day [and] involves no public contact." (*Id.*) The Seventh Circuit has said, however, that "'confining the claimant to simple, routine tasks and limited interactions with others [does not] adequately capture[] temperamental deficiencies and limitations in concentration, persistence, and pace.'" *Taylor v. Colvin*, 829 F.3d 799, 802 (7th Cir. 2016) (quoting *Yurt v. Colvin*, 758 F.3d 850, 858-59 (7th Cir. 2014)). *Cf. Craft v. Astrue*,

539 F.3d 668, 677-78 (7th Cir. 2008) (holding that RFC that limited claimant to "simple, unskilled work" did not adequately address his moderate limitations in concentration and pace).

The RFC also does not limit plaintiff to work involving "1-2 step job tasks," which was the recommendation of the state agency psychologists, whose opinions the ALJ gave "some weight." (R. 45; *see* R 104, 119 (agency psychologists stating that plaintiff can "understand and remember work . . . procedures of a simple, routine nature involving 1-2 step job tasks and instructions").) The ALJ was not required to accept the agency doctors' opinions, but he was required to -- and did not -- explain why he adopted some of their findings and rejected others.[2] *See* SSR 96-6p, 1996 WL 374180, at *1 (July 2, 1996) (instructing ALJs to "explain the weight given to the[] opinions [of agency doctors] in their decisions"); *McKinzey v. Astrue*, 641 F.3d 884, 891 (7th Cir. 2011) ("[T]he agency's own regulations and rules require that the ALJ 'not ignore [agency physician] opinions and must explain the weight given to the[m] in their decisions.'") (quoting SSR 96-6p); *Young v. Barnhart*, 362 F.3d 995, 1002 (7th Cir. 2004) (an ALJ must "build [an] accurate and logical bridge from the evidence to his conclusion so that, as a reviewing court, we may assess the validity of the agency's ultimate findings and afford a claimant meaningful judicial review") (quotation omitted). Given these flaws, the case must be remanded for a new RFC determination.

Plaintiff also argues that the ALJ erred by giving more weight to the opinions of the psychological expert than to those of plaintiff's treating therapist. Plaintiff's therapist, Mr.

---

[2] It may be that the ALJ equated "simple" work with that involving only one or two steps. The vocational expert did not, however, as he opined that plaintiff was capable of performing the jobs of mail clerk and microfilm document preparer (R. 87-88), both of which require level 3 reasoning development, *i.e.*, the ability to [a]pply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form" and "[d]eal with problems involving several concrete variables in or from standardized situations." *See* Dictionary of Occupational Titles, 209.687-026, 249.587-018 & App'x C, § III, *available at*, http://www.occupationalinfo.org/contents.html (last visited Sept. 7, 2017). Jobs that require first level reasoning development, by contrast, require the ability to "[a]pply commonsense understanding to carry out simple one- or two-step instructions" and "[d]eal with standardized situations with occasional or no variables." *Id.*, App'x C.

4

Brumfield, is a licensed clinical professional counselor, not a physician (*see* R. 445), and as such he is not an "acceptable medical source" whose opinions are subject to the controlling weight presumption accorded to opinions of treating medical sources. *See* 20 C.F.R. § 404.1527(c)(2) ("If we find that a treating source's medical opinion on the issue(s) of the nature and severity of your impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record, we will give it controlling weight."); SSR 06-03p, 2006 WL 2329939, at *2 (Aug. 9, 2006) (stating that licensed clinical social workers and therapists are not "acceptable medical sources"). Nonetheless, the ALJ was still required to evaluate Mr. Brumfield's opinion applying substantially the same factors as those set forth in the "treating physician rule," *i.e.*, (1) "How long the source has known and how frequently the source has seen the individual"; (2) "How consistent the opinion is with other evidence"; (3) "The degree to which the source presents relevant evidence to support an opinion"; (4) "How well the source explains the opinion"; (5) "Whether the source has a specialty or area of expertise related to the individual's impairment(s)"; and (6) "Any other factors that tend to support or refute the opinion." *Id.* at *4.

The ALJ said this about Mr. Brumfield's opinion:

> The undersigned is assigning no weight to LCPC Brumfield's August 2012 opinion. This source no longer has longitudinal familiarity because the claimant stopped attending therapy over a year ago. Further, his judgments are inconsistent with his own chart notes and the chart notes of the treating psychiatrist who was better equipped to evaluate the claimant's status. His opinion also is inconsistent with the considered assessment of the ME [medical expert] psychologist at the hearing.

(R. 46.)

First, the only mental impairment questionnaire Mr. Brumfield completed is dated January 16, 2014, not August 2012, as the ALJ said. (*See* R. 445.) Second, assuming the 2012

5

date is a typographical error, the ALJ does not cite any of the notes that he says support or refute Mr. Brumfield's opinion. Third, the fact that Brumfield last treated plaintiff in May 2014, seven months before the ALJ started the administrative hearing, does not diminish the value of his January 2014 opinion, which was based on eighteen months of treatment. (*See* R. 351-60, 399-409, 457-61.) In short, the ALJ failed to evaluate Mr. Brumfield's opinion properly.

Plaintiff also argues that the ALJ improperly rejected the medical expert's ("ME's") opinion that her rheumatoid arthritis equaled listing 14.09(A)(2) for a one-year period. As relevant here, this listing requires "[p]ersistent inflammation or persistent deformity of . . . [o]ne or more major peripheral joints in each upper extremity resulting in the inability to perform fine and gross movements effectively." 20 C.F.R. pt. 404, App'x 1, § 14.09(A)(2). Plaintiff's impairment equaled the listing if it "[was] at least equal in severity and duration to the criteria" of the listing. 20 C.F.R. § 404.1526(a). The ME believed plaintiff equaled the listing because she had synovitis, *i.e.*, "[i]nflammation of the . . . lining of the joints," http://www.medicinenet.com/script/main/art.asp?articlekey=5688 (last visited Sept. 7, 2017), in her hands from January 20, 2013 through February 12, 2014. (R. 77-79.) The ALJ disagreed because he focused on the wrong time period, April 2013 through February 12, 2014, and thus concluded that plaintiff did not equal the Listing for a continuous period of at least twelve months, the durational threshold for disability. *See* 42 U.S.C. § 423(d)(1)(A) (defining disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months"). Thus, the ALJ's rejection of the ME's opinion was error.

6

Plaintiff's last argument is that the ALJ impermissibly found her reported symptoms of PTSD incredible.[3] Because the credibility determination/symptom evaluation is informed by a proper evaluation of Mr. Brumfield's opinion, the ALJ will have to revisit this issue on remand as well.

**Conclusion**

For the reasons set forth above, the Court reverses the Commissioner's decision and remands this case for further proceedings consistent with this Memorandum Opinion and Order.

**SO ORDERED.**                    **ENTERED: September 20, 2017**

_____

**M. David Weisman**
**United States Magistrate Judge**

---

[3]The Court notes that, after the ALJ issued his opinion, defendant issued new guidance for evaluating symptoms in disability claims, which "eliminate[es] the use of the term 'credibility'" to "clarify that subjective symptom evaluation is not an examination of an individual's character." *See* SSR 16-3p, 2016 WL 1119029, at *1 (Mar. 16, 2016).